## OAKFORD v. JOHNSON.

### April 23, 1838.

*Rule to show cause why judgment should not be entered, for want of a sufficient affidavit of defence.*

A. gave a promissory note to B., the consideration of which was an agreement to compound a felony. B. the payee, endorsed and delivered the note to C. (without notice of the illegality of the consideration,) to be collected by C. and the proceeds to be applied to the payment of a pre-existing debt due from B. to D., to whom C. endorsed the note. D. did not give up the old debt, or give any new consideration for the transfer of the note to him.

*Held :* that D. could not recover against C. on the endorsement of the latter.

THIS was an action brought by Charles Oakford against Henry Johnson, to March term, 1838, No. 633, on a promissory note in the following words :

" Philadelphia, 6th Dec. 1837.

" Three months after date, I promise to pay to A. K. Fahnestock, or order, one hundred dollars, without defalcation, for value received.

(Signed)   J. C. Snyder.
(Endorsed)   A. K. Fahnestock,
   H. Johnson,
   Charles Oakford."

The defendant filed the following affidavit of defence :

" Henry Johnson, the above defendant, being duly sworn, doth depose, that the note on which this action was brought, on which he is sued as endorser, was given to compound a felony. The payee of the note, A. K. Fahnestock charged the maker, J. C. Snyder, with having committed a larceny of a cap, while passing through Harrisburg, the property of the said Fahnestock, and had been arrested on the charge of larceny. While Snyder was thus in custody, the parties agreed on a compromise or compounding the felony, the terms being that Snyder should give Fahnestock two notes, one for the payment of $100, the other for the payment of $50, with endorsers. Deponent being wholly

[Oakford v. Johnson.]

ignorant of the circumstances of the consideration of the note, was applied to by Snyder to endorse the note of one hundred dollars, which he was induced to do, Snyder having boarded for some time at the Madison House, which he keeps. Deponent knew nothing of the character of the transaction until some days after, when Snyder was arrested for other larcenies.

" Deponent will be able, as he believes, to prove on the trial of the cause, that no consideration, in fact, passed from the plaintiff to the payee of the note, or to the person from whom he received it; the fact being that Fahnestock was indebted to the plaintiff, and sent him this note to apply, when collected, on the old account.

" Deponent avers, that he has a good defence to the whole of plaintiff's cause of action."

The defendant also filed the following supplemental affidavit of defence: " Henry Johnson, the above defendant, being duly sworn, doth depose, that the note on which this suit is brought, was given to compound a felony. It was drawn by J. C. Snyder, payable to A. K. Fahnestock, endorsed by him, and endorsed by deponent, and said Fahnestock was privy to all the fraud touching the creation of the note, and transferred the note to the present plaintiff, who paid no good or legal consideration for it; the facts in relation to this part of the transaction, being as stated in deponent's former affidavit."

*Hopkins*, for plaintiff.
*Holcomb*, for defendant.

The counsel cited *Chitty on Bills* 931; Delachaumet *v.* Bank of England, 17 *E. C. L. R.* 356; 2 *Wheaton* 73; 16 *Wendell.*

The opinion of the court was delivered by

PETTIT, *President.*—According to the allegation of the affidavit of defence, Snyder being charged by Fahnestock with a larceny, and being under arrest, compounded the offence; the note in question being part of the inducement to the arrangement. The consideration being clearly illegal, no suit on the note could be sustained between the original parties. The note was sent by Fahnestock the payee, to the present plaintiff, to be applied, *when collected*, to the payment of a pre-existing debt. The plaintiff did not give any new consideration for the note. He neither gave

[Oakford v. Johnson.]

up the old debt, nor parted with any security for it, nor gave time in regard to it. He is then, in privity with the original holder, and may be affected by any defence which would be available between the original parties. This disposition of the case, upon the grounds stated in the affidavit of defence, renders it unnecessary to consider the question, whether, under the circumstances, a *bona fide* holder for value could or could not recover on the note.

Rule discharged.